AO 93 (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Dell Inspiron Computer Serial No. SN DTX05J1<br>Held at IRS-CI Office<br>1999 Broadway St., 27th Floor<br>Denver, CO 80202 | ) ) ) ) ) ) )  Case No. 09-sw-5350-CBS |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____State and_____ District of _____Colorado_____
*(identify the person or describe the property to be searched and give its location):*
    See attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*
    See attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before _____11/6/09_____
                                                                                                               *(not to exceed 10 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
Craig B. Shaffer, United States Magistrate Judge
         *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*
                                                                                                         ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __10/27/09 at 10:45a__                  _____
                                                                                            *Judge's signature*

City and state: __Denver, Colorado__                              **Craig B. Shaffer, United States Magistrate Judge**
                                                                                                *Printed name and title*

## ATTACHMENT A

## ITEM TO BE SEARCHED

### Dell Inspiron Computer
### IRS-CI Office 1999 Broadway St., 27th floor, Denver, CO 80202

The item to be searched is a Dell Inspiron Computer serial number: SN DTX05J1 found at 7887 E Belleview Ave., Suite 1100, Englewood, Colorado being stored at the IRS-CI office located at 1999 Broadway St., 27th floor, Denver, Colorado 80202.

## ATTACHMENT B

## ITEMS TO BE SEIZED

1. All records, including text, graphic image or other electronic data relating to violations of federal law involving Title 18 United States Code, Section 287 (False and Fictitious Claims), Title 18, United States Code, Section 1343 (wire fraud) and Title 18 United States Code, Section 1956 (money laundering) involving Quintin for the period of January 1, 2008 to October 7, 2009, including specifically:

   A. All rolodexes, calendars, diaries, customer and supplier contact information and appointment books;

   B. Any personal and business bank records, including, bank statements, financial statements, accounting ledgers, loan documents, payroll records, safe deposit records, receipts for cashier's checks, money orders, and traveler's checks, records of savings and checking accounts, records relating to wire transfers, and credit card information related to Thomas Quintin, Total Tax Services, Total Tax Services, LLC, Total Tax and Accounting and DTC Gold Company;

   C. Documents relating to business and personal income and expenses, including, business and personal income tax returns; return information; Forms W-2, 1098, and 1099; invoices, receipts, prepared books and records; stock brokerage statements; inventory records; records of capital assets, depletion and depreciation; cash disbursement and receipt journals, general ledgers, subsidiary ledgers, trial balances and financial statements, summary sheets; prepared income tax worksheets and schedules related to Thomas Quintin, Total Tax Services, Total Tax Services, LLC, Total Tax and Accounting and DTC Gold Company;

   D. Documents relating to the establishment, ownership, or control of Thomas Quintin, Total Tax Services, Total Tax Services, LLC, Total Tax and Accounting and DTC Gold Company, including Articles of Incorporation, contracts, loan agreements, memorandum of understanding, promissory notes, invoices, business licenses, professional licenses and registrations;

   E. Documents relating to businesses, assets, or property, owned wholly or partially by Thomas Quintin, Total Tax Services, Total Tax Services, LLC, Total Tax and Accounting and DTC Gold Company, including records used to prepare federal income tax returns such as 1099 Forms, W-2 Forms, purchase and sale agreements, billing records, client lists, Quickbooks, cash receipts, receipt books and expense receipts;

   F. All employment records, including W-2 Forms, W-4 Forms, 1099 Forms, employment applications, schedules or lists of payments and payroll records for

    Thomas Quintin, Total Tax Services, Total Tax Services, LLC, Total Tax and Accounting and DTC Gold Company;

  G. Computer passwords and other data security devices, that is, a string of alphanumeric characters designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programmable code. A password usually operates as a sort of digital key to "unlock" particular storage data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software or digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, destroy or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the process to restore it.

2. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, "COMPUTER") that is called for by this warrant, or that might contain things otherwise called for by this warrant:

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

   d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

   e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

   f. evidence of the times the COMPUTER was used;

   g. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

   h. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

   i. contextual information necessary to understand the evidence described in this attachment.